IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DEVON THOMAS STEPHENS,**
      **Plaintiff,**

v.                                                              Civil Action No.  3:19-CV-60
                                                                   (GROH)

**UNITED STATES OF AMERICA,**
      **Defendant.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

This action was initiated pursuant to the Federal Tort Claims Act ("FTCA") on April 22, 2019, by the *pro se* Plaintiff, who is a state prisoner[1] currently incarcerated at Mount Olive Correctional Center, in Mount Olive, West Virginia.  ECF No. 1.  Plaintiff claims he was injured while in law enforcement custody in the city of Fairmont, West Virginia.  Id. at 2.  Plaintiff seeks "monetary relief for the excessive force as well as emotional stress."  Id. at 9.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.  FACTUAL AND PROCEDURAL HISTORY

Initially, Plaintiff filed a civil action pursuant to 42 U.S.C. § 1983 in this district, in case number 1:18-CV-2.  That action was dismissed without prejudice on March 20, 2019, for failure to prosecute.  1:18-CV-2, ECF No. 28.

As noted above, Plaintiff filed the instant complaint on April 22, 2019, pursuant to the FTCA, wherein he asserts a single ground for relief, that he was repeatedly struck

---

[1]  See https://apps.wv.gov/ois/offendersearch/doc

by police officers employed by the city of Fairmont, West Virginia. ECF No. 1 at 6. Plaintiff identifies four Fairmont Police Department employees as the "federal employees" whose actions form the basis of his claims. Id.

### III. LEGAL STANDARD

#### A. Pro Se Litigants

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

2

> also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B.   The Federal Tort Claims Act

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA.  <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953).  The provisions of the FTCA are found in Title 28 of the United States Code.  28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.  Pursuant to the FTCA, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred.  <u>Id.</u>  More recently, the Supreme Court has more succinctly stated that, "The Federal Tort Claims Act (FTCA) allows plaintiffs to seek damages from the United States for certain torts committed by federal employees.  28 U.S.C. §§ 1346(b), 2674."  <u>Simmons v. Himmelreich</u>, 136 S.Ct. 1843, 1845, 195 L.Ed.2d 106 (2016).  In <u>Simmons</u>, the Supreme Court noted that:

> The FTCA's provisions are contained in two areas of the United States Code. One, 28 U.S.C. § 1346(b), gives federal district courts exclusive jurisdiction over tort claims against the United States for the acts of its employees "[s]ubject to the provisions of chapter 171" of Title 28.  Chapter 171, in turn, is labeled "Tort Claims Procedure" and comprises the remaining provisions of the FTCA.  §§ 2671-2680.

3

> Chapter 171 contains an array of provisions. Some provisions govern how FTCA claims are to be adjudicated. *See, e.g.*, § 2674 (specifying scope of the United States' liability); § 2675(a) (exhaustion requirement); § 2678 (restricting attorney's fees). Other provisions limit plaintiffs' remedies outside the FTCA. *See, e.g.*, § 2679(a) (cannot sue agency for claims within scope of FTCA); § 2679(d)(1) (suit against federal employee acting within scope of employment automatically converted to FTCA action).

136 S.Ct. at 1846-47, 195 L.Ed.2d at 106.

## IV. ANALYSIS

Pursuant to the FTCA, the federal government may be found liable in limited circumstances for wrongdoing committed by a federal agent. However, a cause of action under the FTCA cannot be brought against the United States for actions by an individual who is not a federal employee or agent.

There is no way to reasonably read the pleadings to state a valid claim against the United States of America. Even when liberally construed, Plaintiff's claims asserted under the Federal Tort Claims Act concern employees of a state agency, the Fairmont Police Department, in Fairmont, West Virginia. Accordingly, Plaintiff's claims are without arguable merit in law or in fact, and are frivolous. Because none of the alleged wrongdoers were federal employees, there is no ground for relief under the FTCA, and Plaintiff's complaint must be dismissed.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections

4

identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: September 28, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE